UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

RAUL VELASQUEZ, CHATERAM BUSGITH,
DENIS REYES, WILMER ALMENDAREZ,
and ERIK CIFUENTES,
in their individual capacities and
on behalf of others similarly situated,

                    Plaintiffs,

v.                                                      Case No. 1:15-cv-2783- RRM-RLM

VIKRANT CONTRACTING & BUILDERS, INC.,
PALWINDER "ROMAN" SINGH, an individual,
ZORIA REALTY, INC.
ZORIA HOUSING LLC, and
LAKHI SINGH ZORIA, an individual,

                    Defendants.

## SECOND AMENDED COMPLAINT

COMES NOW the Plaintiff and, pursuant to Fed. R. Civ. Proc. 15 amends his Complaint a second time with leave of court.  The primary purpose of this amendment is to include additional parties. This Complaint shall supersede and replace all foregoing Complaints filed in this action to date.

## INTRODUCTION

1.  Plaintiffs Raul Velasquez, Chateram Busgith, Denis Reyes, Wilmer Almendarez, and Erik Cifuentes all worked for Defendants' construction company for varying lengths of time ranging from a few months to several years.  During this time, Defendants failed to pay Plaintiffs, and their similarly situated coworkers, overtime premium pay despite

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.andersondodson.com

regularly working more than 40 hours a week; failed to pay them prevailing wage rates despite working on New York City projects; frequently paid them late; did not provide NYLL required wage notices; and did not pay "spread of hours" pay when the workers worked more than 10 hours a day.

2.  To challenge these and other wage violations, Plaintiff Valesquez, both in his individual capacity and on behalf of others similarly situated, originally brought this action by and through his attorneys against Defendants Vikrant Contracting & Builders, Inc. ("Vikrant") and its principal, Palwinder "Roman" Singh, to recover unpaid or underpaid wages and other damages under the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* (hereinafter "FLSA") and the New York Minimum Wage Act, N.Y. Lab. Law, Art. 19, § 650, *et seq.* (hereinafter, "NYLL"), as well as a breach of contract claim related to the NYLL §220 prevailing wage underpayments.

3.  Further, for actions taken by the Defendant subsequent to the filing of this action, Plaintiff Velasquez, on behalf of himself only, amended his complaint to add retaliation claims pursuant to the FLSA, 29 U.S.C. § 215(b) and NYLL.

4.  With leave of the court to add parties and amend the pleadings, Plaintiffs hereby amend their complaint a second time in order to add additional plaintiffs and defendants, as more fully described below.

**JURISDICTION AND VENUE**

5.  This Court has jurisdiction over the subject matter of the action pursuant to 28 U.S.C. § 1331, by virtue of federal questions, 29 U.S.C. § 201 *et seq.* of the FLSA.

6.  This Court has supplemental jurisdiction over Plaintiffs' state law claims by authority of 28 U.S.C. § 1367.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.andersondodson.com

*Velasquez v. Vikrant Contracting & Builders, Inc.*
USDC, Eastern District of New York

2d Amd Complaint
Page 2

7.  Venue lies with this Court pursuant to 28 U.S.C. § 1391(b) and 29 U.S.C. § 201 *et seq.* A significant portion of the events giving rise to the instant litigation occurred in New York City and were based out of the Defendants' yard located at 179-36 Hillside Avenue, Jamaica, Queens, New York.

## PARTIES

### Defendant Vikrant Contracting & Builders, Inc.

8.  Defendant **Vikrant Contracting & Builders, Inc.** is a New York corporation doing business within the County of Queens, and whose principal place of business is located at 179-36 Hillside Avenue, Jamaica, NY 11432. Its DOS Process agent is listed with the NYS Department of State as Palwinder Singh at the same address.

9.  At all relevant times, Defendant Vikrant has had annual gross revenues in excess of $500,000.

10. At all relevant times, Defendant Vikrant has been engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

11. At all times material to this action, Defendant Vikrant has been subject to the FLSA and was an "employer" of the Plaintiffs and others similarly situated, as defined by § 203(b) of the FLSA.

### Defendant Palwinder Singh

12. Defendant Palwinder Singh, an individual, resides in Nassau County, New York, upon information and belief.

13. Defendant Palwinder Singh sometimes goes by the name "Roman."

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Velasquez v. Vikrant Contracting & Builders, Inc.*
USDC, Eastern District of New York

2d Amd Complaint
Page 3

14. Defendant Palwinder Singh is listed with the New York State Department of State, Division of Corporations as the Chief Executive Officer ("CEO") of Vikrant.

15. Defendant Palwinder Singh is one of the ten largest shareholders of Vikrant.

16. At all times material to this action, Defendant Singh actively participated in the business of Vikrant.

17. At all times material to this action, Defendant Singh exercised substantial control over the functions of the company's employees including Plaintiffs. For example, he personally hired and fired workers, set their rates of pay, directed their daily activities, and was considered to be "the boss."

18. At all times material to this action, Defendant Singh was an additional "employer" of the Plaintiffs, as defined by § 203(b) of the FLSA.


**Defendant Zoria Realty, Inc.**

19. Defendant **Zoria Realty, Inc.** is a New York corporation doing business within the County of Queens, and whose principal place of business is located at 179-36 Hillside Avenue, Jamaica, NY 11432. Its DOS Process agent is listed with the NYS Department of State as Zoria Realty, Inc. at the same address, and its CEO is listed as Palwinder Singh.

20. Defendant Zoria Realty, Inc. is part of a "single, integrated enterprise" with Defendant Vikrant due to its (1) interrelation of operations, (2) common management, common directors and boards; (3) centralized control of labor relations and personnel; and (4) common ownership and financial control. More specifically, both companies have common ownership, management, boards, and control of finances insofar as Defendant

**ANDERSONDODSON, P.C.**
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Velasquez v. Vikrant Contracting & Builders, Inc.*
USDC, Eastern District of New York

2d Amd Complaint
Page 4

Palwinder Singh sits in those roles for both entities.  Its operations are interrelated insofar as Zoria Realty owns the real estate upon which Vikrant bases its operations.   In addition, both entities are listed as debtors on a common UCC filing, showing an interrelation of finances.  See *Nat'l Labor Relations Bd. v. Resisteflame Acquisition Co*., Case No. 1:11-mc-00046 (S.D. Ohio, Sep 11, 2012) (real estate holding company found part of "single integrated enterprise" along with primary employer).

**Defendants Zoria Housing, LLC and Lakhi Singh Zoria**

21. Defendant **Zoria Housing, LLC** is a New York corporation doing business within the County of Queens, and whose principal place of business is located at 87-28 130th St, Richmond Hill, New York 11418.  Its DOS Process agent is listed with the NYS Department of State as Zoria Housing, LLC at the same address.

22. Defendant **Lakhi Singh Zoria,** an individual, resides in Queens County, upon information and belief.

23. Defendant Lakhi Zoria is the owner of Zoria Housing, LLC.

24. Defendant Lakhi Zoria is licensed by the NYC Department of Buildings as a general contractor.  His business is listed on that license as Zoria Housing LLC.

25. Palwinder Singh and Lakhi Singh Zoria are related by blood and/or marriage.  Upon information and belief, they are brothers.

26. Vikrant and Zoria Housing, LLC both worked on some of the same projects under contracts with the NYC Housing Authority.

27. For at least some NYCHA projects, Vikrant served as Zoria Housing's subcontractor.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.andersondodson.com

*Velasquez v. Vikrant Contracting & Builders, Inc.*
USDC, Eastern District of New York

2d Amd Complaint
Page 5

28. For at least some of the NYCHA projects on which the two named plaintiffs and others similarly situated worked, Vikrant served as Zoria Housing's subcontractor

29. As part of their contracts with NYCHA, Zoria Housing promised to ensure that its workers and any of its subcontractors' workers working on the NYCHA projects were paid at or above the applicable prevailing wage rate.

30. As part of their contracts with NYCHA, Zoria Housing promised to ensure that its workers and any of its subcontractors' workers working on the NYCHA projects were paid time and a half their regular hourly rates for overtime work performed.

31. Defendant Zoria Housing and Lakhi Zoria know or should know that the contracts they sign with the city contain prevailing wage requirements.

32. Zoria Housing and Lakhi Zoria have been named as Defendants at least twice before in lawsuits alleging underpayments of prevailing wages. *Maninder Singh v. Zoria Housing LLC, Lakhi Zoria*, Case No. 1:15-cv-05237(JG)(VMS) (EDNY); *Jackson et al. v. U.S. Specialty Ins. Co. et al*, Index No. 1567744/2012 (NY County).

**Plaintiff Raul Velasquez**

33. Plaintiff Raul Velasquez is a resident of Queens, New York.

34. At all times material to this action, Plaintiff Velasquez was an "employee" within the meaning of 29 U.S.C. § 203(e).

35. Plaintiff Raul Velasquez worked for Vikrant Contracting & Builders, Inc. as a construction worker for about four months, from late April 2014 to August 29, 2014.

36. While in this position, Plaintiff Velasquez's pay was based on a day rate.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Velasquez v. Vikrant Contracting & Builders, Inc.*
USDC, Eastern District of New York

2d Amd Complaint
Page 6

37. Specifically, Plaintiff Velasquez understood his rate of pay to be $100 per day for about the first four weeks of his employment, then $120 per day for a little over two months, then $130 per day for the last 2-3 weeks of his employment.

38. He was paid partially in paychecks with paystubs, and partially in cash with no paystubs.

39. His paystubs show a pay rate of $34.50 per hour.

40. Even though he worked more than 40 hours a week, Plaintiff's pay stubs only reflect 2 to 28 hours' worth of work.

41. While working in this capacity, Plaintiff Velasquez was expected to sign in and out on a daily written log.  His hours were logged as being, at most, from 8:00am to 4:30pm with a half hour for lunch, five days a week, even though he worked more hours than that.

42. Velasquez estimates that generally he worked approximately 60-70 hours per week.

43. Plaintiff Velasquez, like his coworkers, was required to be at the yard (i.e. the company headquarters) by 7:00am in order to prepare and load materials into the trucks, drive to the work site, and be ready to start the construction work by 8:00am.

44. Generally, though not always, the construction workers got a half hour lunch break at some point during the workday.

45. The day end times varied more.  After performing the required construction jobs at the work site, Plaintiff and the crew he worked with would return back to the Vikrant yard to offload certain materials and perform other postliminary activities before leaving work to go home.  Plaintiff Velasquez estimates that he generally stopped working by around 7:00pm, for a workday of around 11 hours.

46. Plaintiff Velasquez and others similarly situated generally worked Monday through Saturday, plus Sundays approximately once a month.

ANDERSON DODSON, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.andersondodson.com

*Velasquez v. Vikrant Contracting & Builders, Inc.*
USDC, Eastern District of New York

2d Amd Complaint
Page 7

**Plaintiff Chateram Busgith**

47. Plaintiff Chateram Busgith is a resident of Queens, New York.

48. At all times material to this action, Plaintiff Busgith was an "employee" within the meaning of 29 U.S.C. § 203(e).

49. Plaintiff Busgith worked for Vikrant Contracting & Builders, Inc. as a construction worker for almost two years, from approximately October, 2012 to August 28, 2014.

50. Defendant Singh hired Plaintiff Busgith.

51. Defendant Singh set Plaintiff Busgith's rate of pay.

52. While in this position, Plaintiff Busgith's pay was based on a day rate.

53. Specifically, Plaintiff Busgith understood his rate of pay to be $110 per day at first. Over time, his rate of pay rose. At the end of his employment his rate of pay was $140 per day.

54. He was paid partially in paychecks with paystubs, and partially in cash with no paystubs.

55. His paystubs show a pay rate of $34.50 per hour.

56. Even though he worked more than 40 hours a week, Plaintiff's pay stubs show fewer hours' worth of work.

57. While working in this capacity, Plaintiff Busgith was sometimes expected to sign in and out on a daily written log, but he would not be the one to fill in the start and stop times; he would only write his name.

58. Busgith estimates that generally he worked approximately 60-70 hours per week.

59. Plaintiff Busgith, like his coworkers, was required to be at the yard (i.e. the company headquarters) by 7:00am in order to prepare and load materials into the trucks, drive to the work site, and be ready to start the construction work by 8:00am.

**ANDERSONDODSON, P.C.**
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Velasquez v. Vikrant Contracting & Builders, Inc.*
USDC, Eastern District of New York

2d Amd Complaint
Page 8

60. Generally, though not always, the construction workers got a half hour lunch break at some point during the workday.

61. The day end times varied more.  After performing the required construction jobs at the work site, Plaintiff and the crew he worked with would return back to the Vikrant yard to offload certain materials and perform other postliminary activities before leaving work to go home.  Plaintiff Busgith estimates that he generally stopped working around 5:00 to 5:30 pm for a workday of around 10 hours.

62. Plaintiff Busgith and others similarly situated usually worked Monday through Saturday.

**Plaintiff Erik Cifuentes**

63. Plaintiff Erik Cifuentes is a resident of Queens, New York.

64. At all times material to this action, Plaintiff Cifuentes was an "employee" within the meaning of 29 U.S.C. § 203(e).

65. Plaintiff Cifuentes worked for Vikrant Contracting & Builders, Inc. as a construction worker for about three years, from approximately 2011 to late August, 2014.

66. While in this position, Plaintiff Cifuentes's pay was based on a day rate of less than two hundred dollars a day, for a workday lasting on average from around 7:00am to 5:00 or 5:30pm, six days a week.

67. Like his coworkers described above, Plaintiff Cifuentes worked on NYC Housing Authority projects but was not paid at a prevailing wage rate or an overtime rate.

**Plaintiff Wilmer Almendarez**

68. Plaintiff Wilmer Almendarez is a resident of Brooklyn, New York.

69. At all times material to this action, Plaintiff Almendarez was an "employee" within the meaning of 29 U.S.C. § 203(e).

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.andersondodson.com

*Velasquez v. Vikrant Contracting & Builders, Inc.*
USDC, Eastern District of New York

2d Amd Complaint
Page 9

70. Plaintiff Almendarez worked for Vikrant Contracting & Builders, Inc. as a construction worker for about two years, mostly in 2012 and 2013.

71. While in this position, Plaintiff Almendarez's pay was based on a day rate of $160 and then later $180 dollars a day, for a workday lasting on average from around 7:00am to 5:00 or 6:00pm, six days a week.

72. Like his coworkers described above, Plaintiff Almendarez worked on NYC Housing Authority projects but was not paid at a prevailing wage rate or an overtime rate.

73. Plaintiff Almendarez was not permitted to sign in on the time sheets other than on rare occasions, and did not receive pay stubs.  Defendants simply paid him based on his day rate of pay.

**Plaintiff Denis Reyes**

74. Plaintiff Denis Reyes is a resident of Queens, New York.

75. At all times material to this action, Plaintiff Reyes was an "employee" within the meaning of 29 U.S.C. § 203(e).

76. Plaintiff Reyes worked for Vikrant Contracting & Builders, Inc. as a construction worker for about three months, ending in late August, 2014.

77. While in this position, Plaintiff Reyes's pay was based on a day rate of less than two hundred dollars a day, for a workday lasting on average from around 7:00am to 5:00 or 5:30pm, six days a week.

78. Like his coworkers described above, Plaintiff Reyes worked on NYC Housing Authority projects but was not paid at a prevailing wage rate or an overtime rate.

**ANDERSONDODSON, P.C.**
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.andersondodson.com

*Velasquez v. Vikrant Contracting & Builders, Inc.*
USDC, Eastern District of New York

2d Amd Complaint
Page 10

**FLSA Collective Plaintiffs**

79. The Named Plaintiffs bring the First Claim for Relief as a Collective Action pursuant to 29 U.S.C. § 216(b), on behalf of all construction workers employed by Defendants (whether "on the books" or "off the books") on or after the date three years before the filing of the instant Complaint (the "FLSA Collective Plaintiffs").

80. Upon information and belief, all construction workers are subject to the same or similar overtime underpayments, have common or substantially similar job descriptions and duties, and are subject to common or substantially similar policies and procedures.

81. The FLSA Collective Plaintiffs are similarly situated, in that they have had substantially similar job duties, have been subject to a common pay practices and decisions on the part of the Defendant.  The FLSA claims of the Named Plaintiff alleged herein are essentially the same as those of the other FLSA Collective Plaintiffs.

82. The identities of the individuals comprising the FLSA Collective are, or should be, readily ascertainable from Defendant's records.  Notice can be provided to the FLSA Collective Plaintiffs via first class mail and email.

**Rule 23 Class**

83. The Named Plaintiffs bring the Second and Third Claims for Relief as a Class Action pursuant to Fed. R. Civ. Proc. 23, on behalf of all construction workers employed by Defendant (on or off the books) on or after the date six years before the filing of the instant Complaint within the state of New York (the "NYLL Class Plaintiffs").

84. The number of, and identities of, the individuals comprising the NYLL Class are, or should be, readily ascertainable from Defendant's records.  Notice can be provided to the NYLL Class Plaintiffs via means permissible under FRCP 23, correlative caselaw, and

**ANDERSON DODSON, P.C.**
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.andersondodson.com

*Velasquez v. Vikrant Contracting & Builders, Inc.*
USDC, Eastern District of New York

2d Amd Complaint
Page 11

appropriate judicial guidance.

85. The precise number of persons is unknown, as such information is in the custody and control of the Defendants.  However, upon information and belief, there are easily more than forty (40) individuals in the proposed NYLL Class.

86. The proposed Class is so numerous that joinder of all members is impracticable.  Further, the disposition of their claims as a class will benefit the parties and the Court.

87. The Named Plaintiffs' claims are typical of those claims that could be alleged by any member of the class.  Further, the relief sought by the Named Plaintiffs is typical of the relief that could be sought by any member of the proposed NYLL Class.  The Class members were all subject to the same practices, decisions, policies, plans, and customs of Defendant as alleged herein.  There was nothing special about the Named Plaintiff that caused him to be treated differently than other Class members in regards to the pay methods to which they were subjected.  Defendant benefitted from the unlawful withholding of wages due to members of the proposed Class and the Named Plaintiff in the same way.  Though the exact amounts may differ, Plaintiff and other Class members incurred similar losses, injuries, and damages arising from Defendants' pay practices.

88. Plaintiff Velasquez can fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class.  Further, Plaintiffs are represented by attorneys who are experienced and competent in class/collective action litigation, employment litigation, and wage and hour employment litigation in particular.

89. A class action is superior to other available methods for the fair and efficient adjudication of the controversy.  In wage and hour litigation involving low wage workers in particular, the individual Class members more often than not lack the financial, language, time, and

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.andersondodson.com

*Velasquez v. Vikrant Contracting & Builders, Inc.*
USDC, Eastern District of New York

2d Amd Complaint
Page 12

other resources to vigorously prosecute a lawsuit against Defendants having a superior bargaining positions. A class action will allow those similarly situated to prosecute their common claims together and minimize the need for duplicative efforts expended on their behalf. Though important and significant to Class members individually, the damages suffered by each of the individual Class members are relatively small relative to the costs associated with litigation; pooling them together therefore serves the end of efficiency.

90. In addition, important public interests will be served by treating this claim as a class action. Otherwise, there is a risk that some workers would be compensated according to the law and others not, resulting in a net benefit to Defendant for those who were improperly paid but for whom no damages are assessed.

91. Further, many current and even former employees understandably fear untoward repercussions for asserting claims on their own. They therefore sometimes tolerate illegal treatment as an alternative preferable to having no job at all when in fact the NYLL requires proper and legal wage payments regardless of what some individuals may acquiesce to when faced with desperation and vastly unequal bargaining power positions. Class actions allow these unnamed workers to rest in their anonymity while seeing their rights vindicated.

92. There are questions of law and fact common to the Class that predominate over questions affecting class members individually. Some of these questions may include the following:

    a. Whether construction workers have been improperly denied prevailing wage rates of pay;

    b. Whether they have been improperly denied proper overtime premium pay;

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Velasquez v. Vikrant Contracting & Builders, Inc.*
USDC, Eastern District of New York

2d Amd Complaint
Page 13

c.   Whether they have been improperly denied proper "spread of hours" pay;

d.   Whether they were paid late;

e.   Whether they have were provided proper wage notices;

f.   What Defendants' pay policies, practices, directives, instruction, programs, and procedures were for all relevant times;

g.   Whether Defendants' conduct was willful;

h.   Whether Defendants maintained true and accurate time and payroll records; and

i.   What formulae are appropriate for calculating damages.

## LEGAL CLAIMS

### As And For A First Cause of Action:
### FAIR LABOR STANDARDS ACT (FLSA) VIOLATIONS

93. Plaintiffs reallege and incorporate by reference each allegation contained in the paragraphs above, and by reference replead and incorporate them as though fully set forth here.

94. Plaintiffs bring this cause of action against Defendants Vikrant and Singh as their "employers" and against Zoria Realty as part of the "single integrated enterprise."

*Failure To Pay Time Overtime Properly*

95. Defendants failed to compensate Plaintiff and others similarly situated at a rate of one and one half times their normal hourly rate(s) for all hours over 40 worked in a workweek, in violation of the FLSA.

*Late Payments*

96. On at least some occasions, Plaintiffs and others similarly situated did not receive their paychecks on their prescribed paydays.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.andersondodson.com

97. Because the employer failed to pay wages or overtime on the regular payment date, Plaintiffs and others similarly situated are entitled to liquidated damages. See *United States v. Klinghoffer Bros. Realty Corp.*, 285 F.2d 487, 491 (2nd Cir. 1960); *Arroyave v. Rossi*, 296 Fed. Appx. 835, 836 (11th Cir. 2008).

### Record-Keeping Failures

98. At all relevant times, Defendants failed to make, keep, and preserve accurate records regarding the wages, hours, and other conditions of employment of Plaintiffs and others similarly situated, in contravention of the FLSA and affiliated Regulations, 29 U.S.C. §§ 211(c), 215(a)(5) and 29 C.F.R. § 516.

### Willful & Not Based On Good Faith & Entitlement to Damages

99. Defendants had no good faith basis for believing that their pay practices as alleged above were in compliance with the law.

100.    The foregoing conduct constitutes a "willful" violation of the FLSA, 29 U.S.C. § 255(a).

101.    As a result of the violations by Defendant of the FLSA, the Plaintiffs and others similarly situated are entitled to all damages available under the FLSA which include, but are not limited to, all unpaid wages, overtime, liquidated damages, attorney fees, costs, and interest, as set forth in the FLSA, more specifically 29 U.S.C. § 216(b).

### As And For A Second Cause of Action:
### NEW YORK LABOR LAW (NYLL) VIOLATIONS

102.    Plaintiffs reallege and incorporate by reference each allegation contained in the paragraphs above, and by reference replead and incorporate them as though fully set forth here.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Velasquez v. Vikrant Contracting & Builders, Inc.*
USDC, Eastern District of New York

2d Amd Complaint
Page 15

103.     Plaintiffs bring this cause of action against Defendants Vikrant and Singh as their "employers" and against Zoria Realty as part of the "single integrated enterprise."

104.     At all relevant times, Plaintiffs and others similarly situated were employed by Defendants Vikrant and Singh within the meaning of the New York Labor Law, §§ 2 and 651.

### Failure To Pay Wages/ Time Shaving

105.     Defendants failed to compensate Plaintiffs and others similarly situated for all compensable work hours.

106.     For example, Plaintiffs and others similarly situated began work at approximately 7:00am when they came to the yard, but were rarely if ever compensated for the time spent prior to beginning work at the job site.

107.     These underpayments constitute unlawful deductions to wages under NYLL §§ 190, 191, and 193.

### Failure To Pay Overtime

108.     Defendants failed to compensate Plaintiffs and others similarly situated at a rate of one and one half times their normal hourly rates for hours over 40 in a workweek, in contravention of N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.2.

### Spread of Hours

109.     Plaintiff and others similarly situated worked more than 10 hours on at least some workdays, but Defendants failed to pay them an additional one-hour's pay at the applicable minimum wage rate, in contravention of N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.4.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.andersondodson.com

*Velasquez v. Vikrant Contracting & Builders, Inc.*
USDC, Eastern District of New York

2d Amd Complaint
Page 16

### Failure To Pay Wages At Prescribed Frequency

110.     Plaintiffs were "manual workers" as that term is defined in NYLL § 190(4).

111.     On at least some occasions, Plaintiffs and others similarly situated did not receive their paychecks on their prescribed paydays.

112.     Because of these untimely payments, Plaintiffs and others similarly situated were not consistently paid at regular weekly intervals, nor was there any agreement in place as contemplated by NYLL § 191(1)(a)(ii).

### Failure to Provide Pay Stubs / Wage Notices

113.     Defendant failed to furnish Plaintiffs and others similarly situated with a "wage notice" containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, in contravention of NYLL § 195(1)(a) and § 198(1)(b)

114.     While Defendant did provide some pay stubs to some of the workers some of the time, Defendant failed to furnish Plaintiffs and others similarly situated with *accurate* and *complete* "pay stubs" or a statement with every payment of wages listing all gross wages, deductions and net wages, in contravention of NYLL § 195(3), § 198(1)(d) and 12 N.Y. Comp. Codes R. & Regs. 142-2.7.

**ANDERSON DODSON, P.C.**
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Velasquez v. Vikrant Contracting & Builders, Inc.*
USDC, Eastern District of New York

2d Amd Complaint
Page 17

### Record-Keeping Failures

115.   At all relevant times, Defendant Vikrant Contracting & Builders, Inc. failed to keep true and accurate records of hours worked by each employee covered by an hourly minimum wage rate, the wages paid to all employees, and other similar information in contravention of NYLL § 661.

116.   At all relevant times, Defendant Vikrant failed to establish, maintain and preserve for not less than three years payroll records showing the hours worked, gross wages, deductions and net wages for each employee, in contravention of NYLL § 195(4) and 12 N.Y. Comp. Codes R. & Regs. 142-2.6.

117.   Defendant failed to keep a time book showing the names and addresses of its employees and the hours worked by each of them in each day, in contravention of NYLL § 161(4).

### Willfulness and Damages

118.   Defendants willfully violated the rights of Plaintiffs and others similarly situated by failing to pay them for all of the hours they actually worked.

119.   Defendants willfully violated the rights of Plaintiffs and others similarly situated by failing to pay them at a rate of not less than one and one-half times their regular rates of pay for each hour worked in excess of forty hours in a workweek, in violation of 12 N.Y. Comp. Codes R. & Regs. 142-2.2

120.   Due to Defendant's New York Labor Code violations, Plaintiffs and others similarly situated are entitled to recover their unpaid wages, overtime, liquidated damages, interest, reasonable attorneys' fees, and costs associated with bringing the action.  NY Lab. Code § 663(1).

**ANDERSON DODSON, P.C.**
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.andersondodson.com

*Velasquez v. Vikrant Contracting & Builders, Inc.*
USDC, Eastern District of New York

2d Amd Complaint
Page 18

**As And For A Third Cause of Action:**
**BREACH OF CONTRACT**
**(Third Party Beneficiary/Prevailing Wages)**

121.     Plaintiffs reallege and incorporate by reference each allegation contained in the paragraphs above, and by reference replead and incorporate them as though fully set forth here.

122.     Plaintiffs bring this cause of action against all Defendants.

123.     Defendants have entered into various contracts agreeing to serve as contractors or subcontractors for contractors having public works contracts with the New York City Housing Authority.

124.     State and/or city funds pay for these public works contracts.

125.     Plaintiffs and other similarly situated construction workers performed the work on behalf of Defendants.

126.     Without the labors of Plaintiffs and other similarly situated construction workers, Defendants would not have been able to fulfill their contractual obligations.

127.     Plaintiff and others similarly situated were third party beneficiaries of the contracts.

128.     Plaintiff and other similarity situated construction workers were entitled to receive prevailing wages for their labors.

129.     Defendants failed to pay Plaintiff and others similarly situated the proper prevailing wages for the work they performed under these contracts.  NYLL § 220.

130.     In fact, Plaintiff Velasquez was instructed by a superior to misrepresent his rate of pay to any New York City inspectors who might come by the work site asking about his pay.

ANDERSON DODSON, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.andersondodson.com

*Velasquez v. Vikrant Contracting & Builders, Inc.*
USDC, Eastern District of New York

2d Amd Complaint
Page 19

## As And For A Fourth Cause of Action:
### FLSA – RETALIATION

131.    Plaintiffs reallege and incorporate by reference each allegation contained in the paragraphs above, and by reference replead and incorporate them as though fully set forth here.

132.    Plaintiff Velasquez brings this cause of action against Defendants Vikrant and Singh as his "employers" and against Zoria Realty as part of the "single integrated enterprise."

133.    Defendant Singh called Plaintiff Velasquez's new boss at his new job and maligned him, *inter alia*, calling him a "thief," without foundation, in a vindictive attempt to get him fired.

134.    This statement both charges an individual with a serious crime would tend to injure in his or her trade, business, or profession, therefore constituting slander *per se*.

135.    Plaintiff filed his FLSA and NYLL lawsuit on or about May 13, 2015.

136.    On or about May 20, 2015 Plaintiff received calls from Defendant Singh on his cell phone, but did not speak with him.

137.    On or about May 20, 2015 Plaintiff's counsel received a message that Defendant Singh had called, and returned his call.

138.    Defendant Singh indicated that he had received a letter regarding the lawsuit, and wanted to learn more about the nature of it and what needed to be done in order to resolve the matters alleged therein.  Plaintiff's counsel offered him an extension of time in which to assemble and provide time and pay records regarding the workers, and/or to find a lawyer.

**ANDERSONDODSON, P.C.**
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Velasquez v. Vikrant Contracting & Builders, Inc.*
USDC, Eastern District of New York

2d Amd Complaint
Page 20

139.    Plaintiff Velasquez and several other of his coworkers from Vikrant no longer work at Vikrant but continue to work together at a different job.

140.    On or about June 17, Plaintiff Velasquez learned that Defendant Singh had called Velasquez's new boss.

141.    By filing a wage complaint in court, Plaintiff engaged in a statutorily protected activity.

142.    Defendant's defamatory statements to Plaintiff's subsequent employer, which threatened his livelihood, constituted an adverse action.

143.    The defamatory actions were causally connected to the filing of his Complaint in court regarding the propriety, or lack thereof, of Defendants' pay practices.

144.    Defendant violated the provisions of Section 15(a)(3) of the FLSA (29 U.S.C. § 215(a)(3)), by discriminating against Plaintiff for exercising rights protected under the Act.

145.    As a result of these violations by Defendant of the FLSA, the Plaintiff is entitled to damages as set forth in the FLSA, more specifically 29 U.S.C. § 215(a)(3), in an amount to be determined at trial.

### As And For A Fifth Cause of Action:
### NYLL – RETALIATION

146.    Plaintiffs reallege and incorporate by reference each allegation contained in the paragraphs above, and by reference replead and incorporate them as though fully set forth here.

147.    Plaintiff Velasquez brings this cause of action against Defendants Vikrant and Singh as his "employers" and against Zoria Realty as part of the "single integrated

**ANDERSON DODSON, P.C.**
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Velasquez v. Vikrant Contracting & Builders, Inc.*
USDC, Eastern District of New York

2d Amd Complaint
Page 21

enterprise."

148.     By filing his complaint, Plaintiff engaged in an activity protected under NYLL § 215(2).

149.     Defendant's defamatory statements to Plaintiff's subsequent employer, which threatened his livelihood, constituted an adverse action.

150.     The defamatory actions were causally connected to the filing of his Complaint in court regarding the propriety, or lack thereof, of Defendants' pay practices.

151.     Defendants violated the provisions of NYLL § 215 by retaliating against Plaintiff for exercising protected rights.

152.     As a result of these violations by Defendants of the FLSA, the Plaintiff is entitled to damages as set forth in the NYLL, more specifically NYLL § 215(2), in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court grant the following relief:

(A)     Certify Count I as a Collective Action pursuant to 29 U.S.C. § 216(b);

(B)     Certify Count II as a Class Action pursuant to Fed. R. Civ. Proc. 23;

(C)     Certify Count III as a Class Action pursuant to Fed. R. Civ. Proc. 23;

(D)     Award Plaintiffs and others similarly situated unpaid and underpaid wages due under the FLSA and the New York Labor Law;

(E)     Award Plaintiffs and others similarly situated liquidated damages in the amount of their unpaid FLSA wages pursuant to 29 U.S.C. § 216(b);

(F)     Award Plaintiffs and others similarly situated liquidated damages pursuant to NYLL § 663;

AndersonDodson, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Velasquez v. Vikrant Contracting & Builders, Inc.*
USDC, Eastern District of New York

2d Amd Complaint
Page 22

(G)     Award Plaintiffs and others similarly situated  "spread of hours" pay in the amount of one times the then-applicable minimum wage rate for each day any Plaintiff worked 10 or more hours in a workday pursuant to N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.4.

(H)     Award Plaintiffs and others similarly situated interest;

(I)     Award Plaintiff Velasquez appropriate damages for the retaliatory acts taken against through him including compensatory damages, emotional distress, and punitive damages, in an amount to be determined at trial;

(J)     Award Plaintiffs the costs of this action together with reasonable attorneys' fees; and

(K)     Award such other and further relief as this Court deems necessary and proper.


**DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by the Complaint.


Respectfully submitted, this **9th** day of **November, 2015.**

ANDERSONDODSON, P.C.

**Penn Dodson (PD 2244)**
*penn@andersondodson.com*
Attorney for Plaintiffs

11 Broadway, Suite 615
New York, NY  10004
(212) 961-7639 direct
(646) 998-8051 fax

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.andersondodson.com