UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

RAUL VELASQUEZ, CHATERAM BUSGITH, DENIS REYES, WILMER ALMENDAREZ, and ERIK CIFUENTES, in their individual capacities and on behalf of others similarly situated,

                Plaintiffs,

            v.

VIKRANT CONTRACTING & BUILDERS, INC., PALWINDER "ROMAN" SINGH, ZORIA REALTY, INC., ZORIA HOUSING LLC, and LAKHI SINGH ZORIA,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

Case No. 1:15-cv-2783 (RRM-RLM)

## **DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR JOINT MOTION FOR PARTIAL DISMISSAL OF PLAINTIFFS' SECOND AMENDED COMPLAINT**

**TABLE OF CONTENTS**

I.    FACTUAL BACKGROUND ................................................................................................ 1

II.    ARGUMENT ..................................................................................................................... 3

   A.    Legal Standard.............................................................................................................. 3

   B.    Counts One, Two and Three Should be Dismissed for Failure to State a Claim upon Which Relief Can Be Granted...................................................................................... 4

      1.    Counts One (FLSA) and Two (NYLL) Must be Dismissed ....................................... 4

      2.    Count Three (Breach of Contract) Must be Dismissed................................................. 8

         a.   *Count Three Must Fail Because There is No Private Right of Action for the Underpayment of Prevailing Wages* ............................................................... 8

         b.   *Plaintiffs Fail to Plead Count Three with Sufficient Particularity* .............................. 9

III.    CONCLUSION ................................................................................................................ 10

## **TABLE OF AUTHORITIES**

### **CASES**

*Arthur Andersen LLP v. Carlisle*,
   556 U.S. 624 (2009) .......................................................................................................... 5

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) .......................................................................................................... 3

*Bayerische Landesbank, New York Branch v. Aladdin Capital Mgmt, LLC*,
   692 F.3d 42 (2d Cir. 2012) .............................................................................................. 10

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 544 (2007) .......................................................................................................... 3

*Broder v. Cablevision Systems Corp.*,
   418 F.3d 187 (2d Cir. 2005) .............................................................................................. 2

*Burns Jackson Miller Summit & Spitzer v. Lindner*,
   59 N.Y.2d 314, 451 N.E.2d 459 (1983) ............................................................................ 9

*Carrion v. Afga Constr. Inc.*,
   720 F.3d 382 (2d Cir. 2013) .............................................................................................. 8

*Chambers v. Time Warner, Inc.*,
   282 F.3d 147 (2d Cir. 2002) .............................................................................................. 2

*Cox v. NAP Constr., Inc.*,
   10 N.Y.3d 592 (2008) ....................................................................................................... 7

*Davis v. United Air Lines, Inc.*,
   575 F. Supp. 677 (E.D.N.Y. 1983) ................................................................................... 9

*Grochowski v. Phoenix Constr.*,
   318 F.3d 80 (2d Cir. 2003) ...................................................................................... 6, 8, 9

*Hayden v. Paterson*,
   594 F.3d 150 (2d Cir. 2010) .............................................................................................. 1

*Madeira v. Affordable Hous. Found., Inc.*,
   469 F.3d 219 (2d Cir. 2006) .............................................................................................. 9

*Mendel v. Henry Phipps Plaza West, Inc.*,
   6 N.Y.3d 783, 844 N.E.2d 748 (2006) .............................................................................. 9

*Subaru Distribs. Corp. v. Subaru of America, Inc.*,
    425 F.3d 119 (2d Cir. 2005) .................................................................................................. 10

*Universal Grading Service v. eBay, Inc.*,
    No. 08-cv-3557 (CPS), 2009 WL 2029796 (E.D.N.Y. June 10, 2009) ...................................... 7

*Westinghouse Elec. Corp. v. New York City Transit Auth.*,
    82 N.Y.2d 47 (1993) ............................................................................................................... 5

## **STATUTES**

29 C.F.R. § 5.1(a) ............................................................................................................................ 4

29 C.F.R. §§ 5.11(a)-(b) .................................................................................................................. 5

40 U.S.C. § 3141 ............................................................................................................................ 4

40 U.S.C. §§ 3143-3145 ................................................................................................................. 5

Pursuant to Rule 12(b)(6) and Rule 12(c) of the Federal Rules of Civil Procedure and the Local Rules for the U.S. District Court for the Eastern District of New York, Defendants Vikrant Contracting & Builders, Inc., Palwinder Singh, Zoria Realty, Inc., Zoria Housing LLC, and Lakhi Singh Zoria (collectively, the "Defendants"), respectfully and jointly submit this Memorandum in Support of their Joint Motion to Dismiss Counts One, Two and Three of the Second Amended Complaint (the "Complaint") filed by Plaintiffs Raul Velasquez, Chateram Busgith, Denis Reyes, Wilmer Almendarez and Erik Cifuentes (collectively, the "Plaintiffs"). (Dkt. No. 27.)[1] As set forth more fully below, the Court should dismiss Counts One, Two and Three of the Complaint for failure to state a claim because: (i) Counts One and Two, which arise under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") are subject to, and governed by, the labor standards dispute resolution provision of the pertinent New York City Housing Authority ("NYCHA") contract and Plaintiffs have not exhausted their administrative remedies with respect to those claims; and (ii) Count Three, which alleges breach of contract, is insufficiently pled and furthermore is not a cognizable claim because there is no private right of action for third-party beneficiaries of an agreement to receive prevailing wages.

I.  **FACTUAL BACKGROUND**

Plaintiffs allege that they performed work for Defendants' construction companies for varying lengths of time ranging from a few months to several years. (Compl. at ¶ 1.)[2]  In Count One, Plaintiffs allege that Defendants failed to pay Plaintiffs overtime compensation for the time they worked in excess of forty hours per week, failed to pay wages on the regular payment date,

---

[1] Rule 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings."  The legal standard applied to a motion for judgment on the pleadings pursuant to Rule 12(c) is identical to that applied to a Rule 12(b)(6) motion.  *Hayden v. Paterson*, 594 F.3d 150, 160 (2d Cir. 2010).

[2] Defendants deny that they are part of a common enterprise, and reserve their right to assert that defense if this matter proceeds.  However, for the sake of brevity, this Brief will refer to the "Defendants" collectively.

1

and failed to make, keep and preserve accurate wage records, in violation of the FLSA. (Compl. at ¶¶ 93-101.) In Count Two, Plaintiffs allege that Defendants failed to compensate Plaintiffs for all work hours, failed to pay Plaintiffs overtime compensation, failed to pay Plaintiffs spread of hours pay, failed to pay Plaintiffs on their prescribed paydays, failed to provide pay stubs and wage notices, and failed to maintain payroll and time records, in violation of the NYLL and the New York Codes, Rules and Regulations ("NYCRR"). (Compl. at ¶¶ 102-120.)

In Count Three, Plaintiffs allege that Defendants did not pay Plaintiffs at the prevailing wage rates in breach of a New York City Housing Authority ("NYCHA") public improvement contract requiring Defendants to pay to Plaintiffs prevailing wages pursuant to Section 220 of the NYLL. (Compl. at ¶¶ 121-130.) Plaintiffs claim to be third-party beneficiaries under the NYCHA contract. (Compl. at ¶¶ 121-130.) In Counts Four and Five, Plaintiff Velasquez alleges that Defendants retaliated against him in violation of the FLSA and NYLL by making defamatory statements regarding him to his current employer after he commenced the instant action. (Compl. at ¶¶ 131-152.)

Plaintiffs performed work for Defendants under a NYCHA contract entitled "Brick Requirement Contract for Façade Restoration IV at Various Developments (Citywide)", Contract No.: BW1229584, bid date June 5, 2013 (hereinafter the "Contract").[3] Section 49 of the Contract provides that:

---

[3] Where, as here, "a plaintiff has reli[ed] on the terms and effect of a document in drafting the complaint, and that document is thus 'integral to the complaint, [the court] may consider its contents even if it is not formally incorporated by reference." *Broder v. Cablevision Systems Corp.,* 418 F.3d 187, 196 (2d Cir. 2005) (quoting *Chambers v. Time Warner, Inc.,* 282 F.3d 147, 153 (2d Cir. 2002)). Here, Plaintiffs' claims arise directly from the applicable NYCHA Contract and therefore, the terms of that Contract should be considered by the Court in the context of Defendants' instant Motion. A copy of the Contract is attached as Exhibit A to the Affirmation of Lakhi Zoria.

2

> [d]isputes arising out of the labor standard provisions[4] of this Contract shall not be subject to the general disputes clause of this Contract … [and] <u>shall be resolved in accordance with the procedures of the Department of Labor</u> set forth in 29 CFR parts 5, 6, and 7… [D]isputes within the meaning of this clause include disputes between the Contractor (or any of its subcontractors) and the Authority, the U.S. Department of Labor, or <u>the employees or their representatives.</u>

(Emphasis added.) (*See* Zoria Aff., Ex. A, at p. 41.)

As detailed more fully below, Counts One and Two of Plaintiffs' Complaint should be dismissed for failure to state a claim for which relief may be granted because Plaintiffs' claims are labor disputes, which are exclusively governed by the labor dispute resolution procedure of the Contract, and Plaintiffs have failed to comply with this provision. Count Three should also be dismissed for failure to state a claim for which relief may be granted because, under controlling federal law, there is no private right of action for a third-party beneficiary alleging breach of a contract to pay prevailing wages.

## II.   ARGUMENT

### A.   Legal Standard

To survive a motion to dismiss, a complaint must contain sufficient factual matter to state a patently plausible claim to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In this regard, and as relevant to this case, a court should not accept allegations that are nothing more than legal conclusions. *See Iqbal*, 556 U.S. at 678 ("[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice"). (Internal citations omitted.) Indeed, a complaint that merely pleads facts which are consistent with a defendant's liability "stops short of the line between possibility and plausibility of 'entitlement to relief.' *Iqbal*, 556 U.S. at 696 (quoting *Twombly*, 550 U.S. at

---

[4] The Contract provides that the applicable "labor standard provisions" are set forth in § 5.5 of the C.F.R., which are applicable to federally-funded contracts, such as this one, and are deemed to supplement the provisions of the Contract. (*See* Zoria Aff., Ex. A, at p. 38.)

558, 127 S. Ct. at 1966). It is against this backdrop that the instant Complaint must be viewed and dismissed.

### B. Counts One, Two and Three Should be Dismissed for Failure to State a Claim upon Which Relief Can Be Granted

#### 1. Counts One (FLSA) and Two (NYLL) Must be Dismissed

The NYCHA Contract provides, in pertinent part, that:

> [d]isputes arising out of the labor standard provisions of this Contract shall not be subject to the general disputes clause of this Contract . . . [and] shall be resolved in accordance with the procedures of the Department of Labor set forth in 29 C.F.R. Parts 5, 6, and 7… [D]isputes within the meaning of this clause include disputes between the Contractor (or any of its subcontractors) and the Authority, the U.S. Department of Labor, or <u>the employees or their representatives.</u>

(Emphasis added.) *See* Zoria Aff, Ex. A.; *see also* 29 CFR 5.5(9).

The Davis-Bacon Act, 40 U.S.C. § 3141 *et seq.*, (the "DBA") contemplates administrative mechanisms for the enforcement of prevailing wage laws. The DBA requires construction and certain other contracts in excess of $2,000.00 to which the federal government is a party to "contain a provision stating the minimum wages to be paid various classes of laborers and mechanics." *See* 40 U.S.C. § 3142(a). Those "minimum wages are based on the wages the Secretary of Labor determines to be prevailing" in the place where the work is to be performed. *See* 40 U.S.C. § 3142(b). The DBA's prevailing wage provisions also apply to the Davis-Bacon "Related Acts" (the "DBRA"), over 60 laws under which federal agencies assist construction projects through grants, loans, loan guarantees, and insurance. *See* 29 C.F.R. § 5.1(a).

The U.S. Department of Labor has the overall responsibility for overseeing and coordinating the administration and enforcement of the labor standard provisions of the DBA. *See* 29 C.F.R. Part 5 (Labor Standard Provisions Applicable to Contracts Covering Federally financed and Assisted Construction). Federal and/or local contracting agencies have project-specific responsibilities to administer and enforce labor standard provisions through the "Related Act"

4

provisions. *See* 40 U.S.C. §§ 3143-3145. Federal regulations set detailed procedures for the investigation and resolution of disputes concerning the payment of prevailing wages, including investigations and hearings. *See* 29 C.F.R. § 5.11(a)-(b) (entitled "Disputes concerning payment of wages"); *see also* U.S. Department of Labor Field Operations Handbook § 15d00(a) (applying DBRA provisions to AARA-funded projects).

Here, the instant dispute is encompassed by the labor dispute provision of the NYCHA Contract because the instant dispute concerns the payment of wages, and is between a contractor and subcontractor, on the one hand, and employees who performed work under the Contract, on the other hand. Thus, based on the undisputed terms of the NYCHA Contract, Plaintiffs are required to follow the procedures of the Department of Labor. By commencing a lawsuit, Plaintiffs improperly seek to make an end-run around these procedures.

Not surprisingly, although Plaintiffs claim to be third-party beneficiaries of the Contract, Plaintiffs fail to plead factual allegations concerning the relevant Contract to which they are intended beneficiaries.

Dispute resolution provisions such as the one at issue here are commonplace in "thousands of public work contracts," and the enforcement of such provisions is an important component of New York's public policy. *Westinghouse Elec. Corp. v. New York City Transit Auth.,* 82 N.Y.2d 47, 56 (1993). Indeed, the U.S. Supreme Court has concluded that non-signatories to arbitration agreements may be compelled to arbitrate, since traditional principles of state law allow a contract to be enforced by or against non-parties to the contract through third party beneficiary theories. *See, e.g. Arthur Andersen LLP v. Carlisle*, 556 U.S. 624, 629 (2009). Thus, inasmuch as Plaintiffs seek to assert their rights under the NYCHA Contract as intended beneficiaries with rights as that

5

of parties with respect to labor standards issues, they must comply with the obligations imposed by the NYCHA Contract on the parties.

Deference to NYCHA's dispute resolution procedure is consistent with applicable federal and state law. In *Grochowski v. Phoenix Constr.*, 318 F.3d 80 (2d Cir. 2003), the U.S. Court of Appeals for the Second Circuit considered an action brought by construction workers against contractors, their officers, and sureties on construction payment bonds for the recovery of unpaid prevailing wages and overtime pay allegedly owed to them for labor on projects administered by NYCHA. Just like in the present case, as in *Grochowski*, the contracts at issue were federally funded NYCHA contracts that specifically provided they were subject to the DBA. *Id.* There, the Second Circuit recognized that:

> The present contracts between the defendants and the NYCHA were federally funded, and, as such, are governed by the prevailing wage requirements set forth in the DBA, not by . . . . New York Labor Law.

318 F.3d at 86. The *Grochowski* Court went on to state that "**the Plaintiffs' primary forum for determining prevailing wages is NYCHA**, which can consider all aspects of the plaintiffs' wages and hours and compute underpayment . . . ." *Grochowski*, 318 F.3d at 87. (Emphasis added.)

Similarly, in the case at bar, Plaintiffs allege they were underpaid prevailing wages for work performed on public works contracts with NYCHA. (Compl. at ¶ 123.) Plaintiffs further allege that Defendants failed to pay to Plaintiffs the proper prevailing wages for the work performed under these contracts, in violation of NYLL § 220. (Compl. ¶ 129.) The Contract at issue here explicitly requires that labor disputes be resolved in accordance with the procedures of the Department of Labor pursuant to 29 C.F.R. Pats 5, 6 and 7. By commencing this action, Plaintiffs have failed to do so, and therefore this action should be dismissed.

Even the New York Court of Appeals has recognized NYCHA's authority over prevailing wage disputes arising under the DBA. *See Cox v. NAP Constr., Inc.*, 10 N.Y.3d 592 (2008). In

6

*Cox v. NAP Constr., Inc.,* workers on federally funded public housing projects that were contracted for by NYCHA brought actions against contractors and their sureties, alleging breach of contract based on the contractors' alleged failure to pay prevailing wage rates required under the DBA. *Id.* There, just as in *Grochowski*, the New York Court of Appeals also recognized the primary authority of agencies such as NYCHA to adjudicate disputes as to the underpayment of prevailing wages and enforce prevailing wage laws. Specifically, the *Cox* Court stated:

> The enforcement contemplated by 29 C.F.R. 5.6 is **enforcement by governmental agencies**. The **only way** for workers to get the benefit of the regulations is to call violations of law to an agency's attention . . . .

*Id.* at 606. (Emphasis added).

Thus, federal law, New York law, and public policy all require the resolution of Plaintiffs' claims through the dispute resolution procedure set forth in the Contract. The application of this provision would obviate Plaintiffs' pursuit of their labor dispute claims before this forum because this Court has recognized that parties and nonparties should benefit from, and be subject to, dispute resolution and forum selection clauses, especially where, as here, there is a close business relationship between a non-party and a non-party to an agreement. *See, e.g. Universal Grading Service v. eBay, Inc.*, No. 08-cv-3557, at *15-16 (CPS), 2009 WL 2029796 (E.D.N.Y. June 10, 2009) (intended third-party beneficiaries were bound by dispute resolution clause in contract and forum selection clause therein). Similarly, here, not only should the Court bind Plaintiffs to the labor dispute provision clause in the instant Contract which clearly states that it encompasses disputes between contractors (and/or subcontractors) and employees, but this Court should also bind Plaintiffs to the clause because there is a close relationship between Plaintiffs and Defendants and it was foreseeable that Plaintiffs' claims, which arise from the work they performed under the Contract, would be encompassed by the labor disputes provision of the Contract.

7

Therefore, this Court should honor the plain terms of the Contract and dismiss Counts One and Two of Plaintiffs' Complaint with prejudice.

### 2. Count Three (Breach of Contract) Must be Dismissed

#### a. *Count Three Must Fail Because There is No Private Right of Action for the Underpayment of Prevailing Wages*

In Count Three, Plaintiffs allege that Defendants failed to properly pay to Plaintiffs prevailing wages for work performed on public works contracts, in breach of Defendants' contractual obligations, and that Plaintiffs have been harmed as third-party beneficiaries of the contracts. (Compl. at ¶¶ 121-130.)

This claim should be dismissed because it is well-established that "no private right of action exists under the [Davis-Bacon Act]" for workers, such as Plaintiffs, who allege they have been underpaid prevailing wages for work performed under federally-funded contracts with NYCHA. *See Grochowski v. Phoenix Constr.*, 318 F.3d 87 (2d Cir. 2003); *see also Carrion v. Afga Constr. Inc.*, 720 F.3d 382, 386 (2d Cir. 2013) (rejecting employee's argument that, as a third-party beneficiary to a construction contract between the defendant and NYCHA, he was entitled to prevailing wages under the Davis-Bacon Act, and concluding that third-party private breach of contract claims aimed at enforcing prevailing wage schedules claims are barred by the Davis-Bacon Act). Any efforts by Plaintiffs "to bring their claims as state common-law claims are clearly an impermissible 'end run' around the DBA." *Grochowski*, 318 F.3d at 86.

In *Grochowski,* the Second Circuit explored facts almost identical to those in the instant action, and stated that:

> plaintiffs' state-law claims are indirect attempts at privately enforcing the prevailing wage schedules contained in the DBA. <u>To allow a third-party private contract action aimed at enforcing those wage schedules would be inconsistent with the underlying purpose of the legislative scheme and would interfere with the implementation of that scheme to the same extent as would a cause of action directly under the statute.</u>

8

318 F.3d at 86 (emphasis added) (citing *Davis v. United Air Lines, Inc.*, 575 F. Supp. 677, 680 (E.D.N.Y. 1983)). The *Grochowski* court clarified that "an aggrieved employee is limited to those administrative mechanisms set forth in the text of that statute," and to that end, "[t]he plaintiffs' forum for determining prevailing wage disputes is NYCHA, which can consider all aspects of the plaintiffs' wages and hours and compute underpayment for overtime hours at one-and-a-half times the prevailing wage." *Grochowski*, 318 F.3d at 87.

Here, Plaintiffs are not just improperly attempting to circumvent the administrative remedies provided by the DBA and DBRA, but they also are improperly seeking to invoke a judicial remedy that is unavailable to them under established Second Circuit precedent. Therefore, Count Three of Plaintiffs' Complaint should be dismissed.

b.  *Plaintiffs Fail to Plead Count Three with Sufficient Particularity*

Even assuming Plaintiffs can assert their third-party beneficiary breach of contract claim, the claim should nevertheless be dismissed because it is not pled with sufficient particularity. Under New York law, "[p]arties asserting third party beneficiary rights under a contract must establish: (1) the existence of a valid and binding contract between other parties; (2) that the contract was intended for their benefit; and (3) that the benefit to them is sufficiently immediate, rather than incidental, to indicate the assumption by the contracting parties of a duty to compensate them if the benefit is lost." *Mendel v. Henry Phipps Plaza West, Inc.*, 6 N.Y.3d 783, 786, 844 N.E.2d 748 (2006); *see also Madeira v. Affordable Hous. Found., Inc.*, 469 F.3d 219, 251 (2d Cir. 2006). "A third party beneficiary may be the beneficiary of a public as well as private contract." *Burns Jackson Miller Summit & Spitzer v. Lindner*, 59 N.Y.2d 314, 336, 451 N.E.2d 459 (1983).

To succeed on a third party beneficiary theory, the non-party must be the intended beneficiary of the contract, "not an incidental beneficiary to whom no duty is owed." *Madeira*, 469 F.3d at 251. "In determining whether the parties intended to benefit the third party, a court

9

should consider the circumstances surrounding the transaction as well as the <u>actual language of the contract</u>." *Bayerische Landesbank, New York Branch v. Aladdin Capital Mgmt, LLC*, 692 F.3d 42, 52 (2d Cir. 2012). (Emphasis added.). *See also Subaru Distribs. Corp. v. Subaru of America, Inc.*, 425 F.3d 119, 124 (2d Cir. 2005).

Here, the Complaint is devoid of any plausible factual allegations regarding Plaintiffs' breach of contract claim. (Compl. at ¶¶ 121-130.) The Complaint lacks specificity regarding even the most basic information, to wit, the contract of which Plaintiffs are alleged intended beneficiaries. In fact, Plaintiffs allude to "public works contracts with the New York City Housing Authority" (Compl. at ¶123) without any factual assertions regarding: (i) the date of contracts; (ii) the Projects and work covered by the contract(s); (iii) the relevant time period of the contract(s); (iv) the content and pertinent provisions of the contract(s); (v) the circumstances surrounding the contracts; and, most importantly, (vi) the <u>actual language of the contract.</u> (Compl. at ¶¶ 121-130.) Without asserting factual allegations concerning the Contract, Plaintiffs cannot claim their intended third-party beneficiary status under the Contract.

## III.  CONCLUSION

Based on the foregoing, Defendants respectfully request that this Court grant their joint motion to dismiss Counts One, Two and Three of Plaintiffs' Complaint with prejudice.

Dated: New York, New York
       April 4, 2016

                              Respectfully submitted,

                              FORDHARRISON LLP

                              */s Eric Su*
                              Eric Su
                              100 Park Avenue, Suite 2500
                              New York, New York 10017
                              Telephone: (212)-453-5900
                              Facsimile: (212)-453-5959
                              E-mail: esu@fordharrison.com

                              *Attorneys for Defendants*
                              *Zoria Realty, Inc., Zoria Housing LLC and*
                              *Lakhi Singh Zoria*

                              CHIESA SHAHINIAN & GIANTOMASI P.C.,

                              */s Margaret O'Rourke Wood*
                              Margaret O'Rourke Wood
                              140 Broadway, 46th Floor
                              New York, New York 10005
                              Telephone: (973)-530-2063
                              Facsimile: (973)-530-2263
                              E-mail: mwood@csglaw.com

                              *Attorneys for Defendants Vikrant*
                              *Contracting & Builders, Inc. and Palwinder*
                              *Singh*

WSACTIVELLP:8328131.1
3:25 PM