UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
RAUL VELASQUEZ *et al*.,

                    Plaintiffs,                   **MEMORANDUM AND**
                                                       **ORDER**
      - v. -                           15-CV-2783 (RRM) (RLM)


VIKRANT CONTRACTING & BUILDERS, INC., *et al*.

                    Defendants.
------------------------------------------------------------------X
ROSLYNN R. MAUSKOPF, Chief United States District Judge.

      Plaintiffs bring action against Vikrant Contracting & Builders, Inc., ("Vikrant") for (1)

alleged violations of the Fair Labor Standards Act's ("FLSA") overtime provisions (29 U.S.C. §

207(a)(1)), and provisions regarding prescribed paydays and record-keeping (29 U.S.C § 211(c)).

Plaintiffs also allege (2) that defendants violated the New York Labor Law ("NYLL") by failing

to pay wages for all time worked (NYLL § 193), failing to pay overtime (N.Y. Comp. Codes R.

& Regs. tit. 12, § 142-2.2), failing to add one-hours' compensation for hours worked over ten

hours in a day (N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.4) and failing to comply with state

law regarding paycheck frequency (NYLL § 191(1)(a)), wage stubs and notices (NYLL §

195(1),(2)) and record-keeping (NYLL § 195(4)).  Finally, plaintiffs (3) allege that defendants

failed to pay them the prevailing wage, as required by construction contracts to which they were

third-party beneficiaries. Raul Velasquez also alleges, as an individual and not on behalf of the

class, that Vikrant retaliated against him under both FLSA and NYLL for bringing this action.

      Defendants now move the Court to dismiss the first three causes of action above, under

the FLSA, NYLL and the common law of contract.  (Def.'s Mot. to Dismiss (Doc. No. 60-1).)

Against these first two causes of action, defendants argue that the underlying contracts require

arbitration, precluding this claim.  (Mot. to Dismiss (Doc. No. 60-1) at 8–10.)  As to the third

claim, for prevailing wages, defendants argue that pre-emption precludes this wage claim, and

that it is, in any case, insufficiently pled.  (*Id*. at 12–14.)

 For the reasons stated below, defendants' motion is denied in all respects.

## BACKGROUND

### I.    Factual Background

The following facts are drawn from the Second Amended Complaint ("SAC").  The

Court takes all allegations in the SAC as true unless otherwise noted.. S*ee Harris v. Mills*, 572

F.3d 66, 71 (2d Cir. 2009).  Defendant Vikrant Contracting & Builders, Inc. ("Vikrant") is a New

York corporation with its principal place of business at 179-36 Hillside Avenue in Jamaica,

Queens.  (SAC (Doc. No. 27) at 3.)  Defendant Palwinder Singh ("Singh") is both Chief

Executive Officer and one of the largest shareholders of Vikrant.  (*Id*. at 4.)  As CEO, he is

considered to be "the boss," and performs such managerial duties as hiring and firing workers,

setting their pay, and directing their activities.  (*Id*.)

Singh is also the CEO of defendant Zoria Realty, Inc. ("Zoria Realty"), which also has its

principal offices at 179-36 Hillside Avenue.  (*Id.*)  Zoria Realty owns 179-36 Hillside Avenue

and, along with Vikrant, is listed as a debtor on a common UCC filing.  (*Id.*)  Plaintiffs assert

that Vikrant and Zoria Realty are a "single integrated enterprise," (1) with interrelated

operations; (2) common management, directors, and boards; (3) centralized control of labor

relations and  personnel; and (4) common ownership and financial control.  (*Id*. at 4–5.)

Singh's relative, Lakhi Singh Zoria, owns Zoria Housing, LLC ("Zoria Housing"), which

has its principal place of business in Richmond Hill, New York.  (*Id.* at 5.)  Zoria is licensed by

the New York City Department of Buildings as a general contractor, and Zoria Housing has

2

contracts with the New York City Housing Authority ("NYCHA") to perform construction work.
(*Id.* at 5–6.)  Vikrant served as Zoria Housing's subcontractor on at least some  NYCHA
projects, including the projects on which plaintiffs worked.  (*Id*. at 5–6.)  In their contracts with
NYCHA, Zoria Housing promised to pay its workers the "applicable prevailing wage rate" and
time-and-a-half for any overtime.  (*Id*. at 6.)  Zoria Housing and Zoria have twice been sued for
violating the prevailing wage provisions of other NYCHA contracts.  (*Id*.)

Raul Velasquez worked for defendant Vikrant as a construction worker from late April
2014 to August 29, 2014.  (SAC. at 6–7.)  During this time, Vikrant paid Velasquez at a daily
rate, which Velasquez understood would increase from $100 to $120 per day for the first four
weeks of employment, remain at $120 per day for the next two months, then increase to $130 per
day for the last 2–3 weeks of his employment.  (*Id*. at 6–7.)  During this time, Velasquez worked
approximately 60–70 hours per week and was paid variably either by check with paystubs, or by
cash without a paystub.  (*Id*. at 7.)  Those paystubs that he did receive reflected only 2 to 28
hours of work per week, at a rate of $34.50.  (*Id.*)  In addition, the time logs that Velasquez
signed falsely stated that he was working only from 8:00 a.m. to 4:30 p.m., with a half-hour for
lunch, five days a week.  (*Id.*)  In fact, Velasquez and his co-workers were required to report to
work at 7:00 a.m. in order to prepare and load materials into the trucks, so as to be ready to start
construction work by 8:00 a.m.  (*Id.*)  Velasquez estimates that he generally worked until 7:00
p.m., though the time at which he ended work varied.  (*Id*.)  He and his co-workers generally
worked six, and sometimes seven, days a week.  (*Id*.)

Plaintiffs Chateram Busgith, Erik Cifuentes, Wilmer Almendarez, and Denis Reyes
(collectively with Velasquez, "the Named Plaintiffs") all allege that they were employed by
Vikrant for various periods of time between 2011 to August 2014.  (*Id*. at 6–10.)  Like

3

Velasquez, all were paid a daily rate alleged to be less than the prevailing rate and did not

receive overtime pay.  (*Id*.)  The Named Plaintiffs collectively allege that, because they worked

on NYC Housing Authority ("NYCHA") projects, they were entitled to be paid the prevailing

wage.  (*Id*.)

## II.     Procedural Background

### a.     Class Certification

After filing an initial complaint on May 13, 2015, plaintiffs amended their complaint on

June 19, 2015, to add causes of action for retaliation under the Fair Labor Standards Act

("FLSA"), 29 U.S.C. § 201, *et seq*.,  and the New York Labor Law ("NYLL"), on behalf of

Velasquez only.  (Am. Compl. (Doc. No. 5) at 14–16.)  On October 14, 2015, plaintiffs moved

the Court to certify a FLSA collective action under 29 U.S.C. § 216(b).  (Mot. to Certify (Doc.

No. 18).)  The Named Plaintiffs bring their first cause of action in the SAC for overtime pay

under FLSA as a Collective Action pursuant to 29 U.S.C. § 216(b), on behalf of all construction

workers employed by defendants in the period beginning three years before the filing of the

SAC.  (*Id*. at 11.)  They bring their second and third causes of action, under the NYLL and

New York common law of contracts, respectively, as a class action pursuant to Fed. R. Civ. Proc.

("FRCP") 23.  (*Id*. at 11–14.)

To date, plaintiffs have not sought certification of their class action claims under Rule 23,

and plaintiffs withdrew their Motion to Certify the FLSA collective action so that the parties

could engage in dispositive motion practice.  (Mot. to Withdraw (Doc. No. 45); Docket Order

dated January 13, 2016.)

b.      **Second Amended Complaint**

Plaintiffs filed their SAC on November 9, 2015, adding Zoria, Zoria Realty, and Zoria

Housing as defendants, and adding Chateram Busgith, Denis Reyes, Erik Cifuentes and Wilmer

Almendarez as plaintiffs.  (SAC.)  In the SAC, the Named Plaintiffs allege five causes of action.

First, plaintiffs allege that defendants violated the FLSA by failing to pay overtime (29 U.S.C. §

207(a)(1)), failing to pay plaintiffs on their prescribed paydays, and failing to keep adequate

records (29 U.S.C § 211(c)).  They allege that these failures were willful and not in good faith

(29 U.S.C. § 216(b)).  (*Id*. at 14–15.)  Second, plaintiffs allege that defendants violated the

NYLL by failing to pay wages for all time worked (NYLL § 193), failing to pay overtime (N.Y.

Comp. Codes R. & Regs. tit. 12, § 142-2.2), failing to add one-hours' compensation for hours

worked over ten hours in a day (N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.4), failing to pay

wages at the prescribed frequency (NYLL § 191(1)(a)), failing to provide stubs and wage notices

(NYLL § 195(1), (2)), and failing to keep adequate records (NYLL § 195(4)).  Plaintiffs allege

that these failures were willful and not in good faith.  (*Id*. at 15–18.)  Third, under the common

law of contract in New York, plaintiffs allege that they were third-party beneficiaries of

defendants' construction contracts with NYCHA, which guaranteed workers on these projects

the prevailing wage guaranteed by State law for State-funded contracts, and that they are

therefore owed prevailing wages according to the terms of those contracts.  (*Id*. at 19.)  As for

the Fourth and Fifth causes of action, under FLSA § 215(a)(3) and NYLL § 215(2), Velasquez

alleges that Defendant Singh retaliated against him on account of his original 2015 complaint by

calling his new employers and making defamatory comments.  (*Id*. at 20–22.)

### III.    The Instant Dispute

Defendants now move jointly pursuant to Rules 12(b)(6) and 12(c) to dismiss the first and second causes of action, for FLSA and NYLL overtime and various wage violations under the FLSA and NYLL.  (Mot. to Dismiss at 5.)  They also move to dismiss the third cause of action, for prevailing wages under state law.

With respect to plaintiffs' first and second claims , defendants allege that a certain contract, which they appended as an exhibit to the affidavit supporting their motion to dismiss (the "NYCHA Contract"), governed the employment relations at issue in this case.  This contract is not signed and does not on its face specify which persons or entities are parties.  Zoria affirmed that this contract governed the relationship between Zoria Housing LLC and NYCHA as well as the employment relationships at issue in this case.  (Aff. (Doc. No. 60-2).)

Section 43 of this contract contains a promise to "pay to all laborers and mechanics . . . not less than the wages prevailing in the locality of the Project, as predetermined by the Secretary of Labor of the United States pursuant to the federal wage rate requirements set forth at 40 U.S.C. 3141 *et seq* (formerly known as the Davis-Bacon Act)."  (Contract 1 (Doc. No. 60-3) at 36.)  The first page of the contract terms indicate that the contract was federally funded.  (*See* Contract 1 at 12.)  A cover page contains a bid date of June 5, 2013.  (*Id*. at 2.)  The contract is not signed or otherwise dated.

Defendants argue that the Davis-Bacon Acts ("DBA"), 40 U.S.C. § 3141 *et seq*, governs the NYCHA Contract which, they argue, is the subject of this lawsuit.  (Mot. to Dismiss at 8.) Therefore, the DBA's provisions for the resolution of wage disputes by the Department of Labor must be followed to the exclusion of other remedies, including the action now before this Court. (*Id*. at 8–9 (citing *Grochowski v. Phoenix Constr.*, 318 F.3d 80, 86 (2d. Cir. 2003).)  Though not

signatories to the contract, defendants argue that case law allows non-signatories to a contract to be bound by arbitration clauses and other dispute resolution clauses within a contract, based on the same principles that allow those third parties to assert rights as beneficiaries.  (Mot. to Dismiss at 9).

Defendants further claim that  the "contracts between the defendants and NYCHA were federally funded, and, as, such . . . governed by the prevailing wage requirements set forth in the DBA, not by . . . New York Labor Law."  (*Id*. (citing *Grochowski.*, 318 F.3d at 86.)  As such, "the Plaintiffs' primary forum for determining prevailing wages [was] NYCHA."  (Mot. to Dismiss at 10 (citing *Grochowski*, 318 F.3d at 87).)  Therefore, defendants argue that plaintiffs should be bound to the use of administrative processes per the NYCHA Contract, and each and every one of their claims under the first and second causes of action must therefore be denied for failure to exhaust administrative remedies.  (*Id*. at 10.)

As for the plaintiff's third claim, defendants assert that there is no private right of action to enforce the prevailing wage scheme of the DBA, and the DBA bars third-party beneficiaries to a contractor-subcontractor contract (i.e., employees) from using state common law to claim prevailing wages under the DBA.  (*Id*.)  That is because the DBA's prescribed administrative process excludes all other relief.  (*See id*. at 12–13.)  In the alternative, defendants argue that plaintiffs failed to plead that they are third-party beneficiaries of the NYCHA contract because they failed to include basic facts about the contract, for instance, its date, time period of effectiveness, or the actual language that creates third-party beneficiary rights.  (*See id*. at 14.)

In their opposition, plaintiffs maintain that they are not asserting a prevailing wage claim under the DBA, but under State law.  (Mem. in Opp'n to Mot. to Dismiss ("Opp'n") at 5–6.)  In a footnote, they assert the existence of four contracts apart from the DBA on which they rely.

(*Id.*)  Thus, there is no need to exhaust administrative remedies, and the contracts do not prevent private enforcement of the wage claims in the first and second causes of action.  (*Id*. at 22–23.)  Moreover, as a matter of contractual interpretation, the NYCHA Contract does not require arbitration for such claims. (*Id*. at 23–24.)

As for defendants' arguments against plaintiffs' third claim, for prevailing wages, plaintiffs argue that state law, which permits third-party actions for prevailing wages under the DBA, must take precedence over *Grochowski*.  (*Id*. at 11–15.)  In any case, plaintiffs contend, the third claim, arises under the New York Labor Law, rather than the DBA, and *Grochowski* does not bar an action under state law.  (*Id.* at 15–21.)

## DISCUSSION

### I.       Standards for Motion to Dismiss and Judgment on the Pleadings

Where a complaint "relies heavily upon [the] terms and effect" of a document, that document may be deemed "integral" to the complaint and considered on motions to dismiss and motions for judgment on the pleadings.  *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002) (quoting *Int'l Audiotext Network, Inc. v. American Tel. and Tel. Co.*, 62 F.3d 69, 72 (2d Cir. 1995)).  "[E]ven if a document is 'integral' to the complaint, it must be clear on the record that no dispute exists regarding the authenticity or accuracy of the document" before it may become the basis for dismissal.  *Faulkner v. Beer*, 463 F.3d 130, 134 (2d Cir. 2006).

If a document is not integral to the complaint and the Court considers it anyway, Federal Rule of Civil Procedure 12(d) provides that:

> If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one

for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

"Judgment on the pleadings is appropriate only where all material facts are undisputed and, 'a judgment on the merits is possible merely by considering the contents of the pleadings.'" *Nathaniel v. City of New York*, No. 16-CV-256 (RRM) (RER), 2017 WL 3912986, at *1 (E.D.N.Y. Sept. 6, 2017) (quoting *Mennella v. Office of Court Admin.*, 938 F. Supp. 128, 131 (E.D.N.Y. 1996)).

In deciding a Rule 12(c) Motion for Judgment on the Pleadings, the Court "employs the same standard applicable to dismissals pursuant to Fed.R.Civ.P. 12(b)(6)." *Johnson v. Rowley*, 569 F.3d 40, 43 (2d Cir.2009) (per curiam). In order to withstand a motion to dismiss under 12(b)(6), the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). At this stage the Court takes all factual allegations in the complaint as true and draws all reasonable inferences in favor of the non-movant. *See Harris v. Mills*, 572 F.3d 66, 71 (2d Cir. 2009). A complaint need not contain "'detailed factual allegations,'" but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 570).

## II.    The First and Second Causes of Action

Defendants assert that the Court may consider the NYCHA Contract as one "integral to the complaint." However, plaintiffs' claim for prevailing wages arises under state law. The complaint explicitly does not depend upon the terms and conditions of a federally funded DBA

9

contract, and so it cannot be referencing the contract on which the defendants rely in support of their motion to dismiss.  *See infra*, III.a.

Even if the DBA contract were integral, the Court would not have been able to consider it, because there is no basis to credit either its authenticity or its accuracy.  The contract is stamped with a bid date of June 5, 2013, and some of the plaintiffs' terms of employment stretch back to 2011 or 2012.  As such, the DBA contract cannot have covered plaintiffs' employment that began prior to 2018.  The document is also unsigned, and it is not clear who the parties are.

Given these issues, and the fact that the parties have not yet engaged in discovery, the Court also declines to convert the instant motion into a motion for summary judgment. *See, e.g., FragranceNet.com, Inc. v. Les Parfums, Inc.*, 672 F. Supp. 2d 328, 330 (E.D.N.Y. 2009) (declining to convert motion to dismiss in motion for summary judgment in part "because defendants have submitted no evidence outside the pleadings"); *Wajilam Exports (Singapore) Pte. Ltd. v. ATL Shipping Ltd.*, 475 F. Supp. 2d 275, 278 (S.D.N.Y. 2006) (declining to exercise discretion to convert motion to dismiss into motion for summary judgment because "[d]iscovery has not begun yet").  Since the Court cannot consider the contract at this stage, and because defendants arguments regarding the first and second causes of action depend entirely upon the contents of this contract, defendants' motion to dismiss against the first and second cause of action must fail.

### III.    The Third Cause of Action

### a.    Not Barred by the Holding of *Grochowski*

Defendants also argue that the holding of *Grochowski* pre-empts plaintiffs' third cause of action.  However, *Grochowski* has no bearing on plaintiffs' NYLL claims.  The DBA requires that any federally funded construction contract in excess of $2,000 must "contain a provision

stating the minimum wages to be paid to various classes of laborers and mechanics." *See* 40 U.S.C. § 3142(a). The minimum wage must be based on the Secretary of Labor's determination of the prevailing wage for corresponding classes of laborers employed on similar projects in the project's locality. *See* 40 U.S.C. § 3142(b). Under *Grochowski*, employees may not use the common law of contract under state law to enforce their right to the prevailing wage as third party beneficiaries of a DBA contract, because the DBA's administrative scheme preempts state contract law. *See Grochowski v. Phoenix Const.*, 318 F.3d 80, 86 (2d Cir. 2003).

The New York Labor Law, § 220 echoes the DBA. The NYLL also requires that public works contracts of the state provide for the payment of prevailing wages. NYLL § 220(2). However, the New York Court of Appeals has interpreted NYLL § 220, unlike the DBA, as allowing third-party beneficiaries of a construction contract to seek enforcement of the contract's State-required prevailing wage provisions. *See Fata v. S. A. Healy Co.*, 289 N.Y. 401, 406–07 (1943).

Accordingly, *Grochowski* does not apply to the Plaintiffs' state-law theory for the recovery of prevailing wages. The *Grochowski* court did hold that "the plaintiffs' state-law claims are indirect attempts at privately enforcing the prevailing wage schedules contained in the DBA," and impermissible for that reason. *See Grochowski*, 318 F. 3d at 86. It is clear, however, that the quoted language addressed a state-law breach of contract claim to enforce the DBA wages. The court distinguished cases arising under NYLL § 220 from those arising under the

11

DBA. *Grochowski*, 318 F.3d at 86; *see Sobczak v. AWL Indus., Inc.*, 540 F. Supp. 2d 354, 361 (E.D.N.Y. 2007). Therefore, nothing in *Grochowski* precludes plaintiffs' third cause of action.

      **b.**     **Sufficiently Pled**

   Defendants also argue that plaintiffs have not made a prima facie showing of entitlement to relief on a third-party beneficiary theory. However, the prevailing wage claim is sufficiently pled under federal law.

   Under New York Law, a third party may recover on a contract only if they are the intended, rather than an incidental, beneficiary of the contract. *See Fourth Ocean Putnam Corp. v. Interstate Wrecking Co*., 66 N.Y.2d 38, 45 (1985). The plaintiff must establish "(1) the existence of a valid and binding contract between other parties, (2) that the contract was intended for [their] benefit and (3) that the benefit to [them] is sufficiently immediate, rather than incidental, to indicate the assumption by the contracting parties of a duty to compensate [them] if the benefit is lost." *Mendel v. Henry Phipps Plaza W., Inc.*, 6 N.Y.3d 783, 786 (2006) (quoting *Burns Jackson Miller Summit & Spitzer v. Lindner*, 59 N.Y.2d 314, 336 (1983)); *accord Johnson v. Carlo Lizza & Sons Paving, Inc.*, 160 F. Supp. 3d 605, 615 (S.D.N.Y. 2016) (applying this standard to a third-party beneficiary claim for prevailing wages).

   Some courts interpreting this standard have required specificity in alleging that the contract contained prevailing wage terms. "In order to plead a breach of contract cause of action, a complaint must allege the provisions of the contract upon which the claim is based. The pleadings must be sufficiently particular to give the court and [the] parties notice of the transactions, occurrences, or series of transactions or occurrences, intended to be proved as well as the material elements of each cause of action or defense." *Maldonado*, 777 N.Y.S.2d 730, 731 (quoting *Atkinson v. Mobil Oil Corp.*, 614 N.Y.S.2d 36 (2d Dep't 1994)); *accord Seidel v.*

12

*Hoffman Floor Covering Corp.*, No. 09-CV-4027 (JS) (WDW), 2012 WL 3064153, at *3

(E.D.N.Y. July 26, 2012) (in deciding a motion for summary judgment).  In the context of a §

220 breach of contract claim, identifying the project and the relevant wage provision within the

contract has been held to establish the promisee's intent to benefit a third party.  *See Dabrowski*

*v. Abax Inc.*, 882 N.Y.S.2d 119, 120 (1st Dep't 2009); *Stennett v. Moveway Transfer & Storage,*

*Inc.*, 949 N.Y.S.2d 91, 93 (2d Dep't 2012) (regarding contracts for building services employees,

also subject to a prevailing wage requirement under NYLL § 231).  However, these New York

cases appear to be interpreting N.Y.C.P.L.R. § 3013, which states that "[s]tatements in a

pleading shall be sufficiently particular to give the court and parties notice of the transactions,

occurrences, or series of transactions or occurrences, intended to be proved and the material

elements of each cause of action or defense."  Under the standard of *Iqbal*, factual allegations

need only state a *plausible* claim.

     Plaintiffs have alleged the facts necessary to a prevailing wage claim in non-conclusory,

non-threadbare fashion.  They state that plaintiffs worked on State- and City-funded construction

contracts to which Vikrant was a party.  They claim that the State prevailing wage rate governed

these contracts, and that defendants failed to pay them accordingly.  As workers on these

contracts, they claim they were intended beneficiaries, which is a non-controversial statement of

New York State law, as already discussed.  They have thus stated all facts relevant to their third-

party beneficiary theory.  Discovery will quickly establish or disestablish plaintiffs' factual

entitlement to relief, at least as far as these contracts are concerned.

## CONCLUSION

For the reasons stated above, defendants' motion to dismiss is denied.  This action is re-committed to the assigned magistrate judge for all remaining pretrial proceedings, including settlement discussions as appropriate.

SO ORDERED.

Dated:  Brooklyn, New York             *Roslynn R. Mauskopf*
       March 31, 2021             _____
                                           ROSLYNN R. MAUSKOPF
                                           United States District Judge

14